PAUL M. GLEASON  State Bar No.: 155569
TOREY J. FAVAROTE  State Bar No.: 198521
JING TONG State Bar No.: 285061
GLEASON & FAVAROTE, LLP
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone:  (213) 452-0510
Facsimile:   (213) 452-0514
pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com
jtong@gleasonfavarote.com

Attorneys for Defendants TRANSDEV SERVICES INC. and TRANSDEV NORTH AMERICA, INC., TRANSDEV; and TRANSDEV, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUENGA M. HAKEEM on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSDEV SERVICES, INC.; TRANSDEV NORTH AMERICA, INC.; TRANSDEV; TRANSDEV, INC.; and DOES 1-100,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>[28 U.S.C. §§ 1332, 1441 and 1446]<br><br>State Action Filed:  March 1, 2019<br>Trial Date:           None |

/ / /

/ / /

**TO THE CLERK OF THE ABOVE-TITLED COURT AND PLAINTIFF CHAUENGA M. HAKEEM, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendants TRANSDEV SERVICES INC., TRANSDEV NORTH AMERICA, INC., TRANSDEV[1], TRANSDEV, INC., ("Defendants") hereby affect the removal of the above-referenced action from the Superior Court in the State of California for the County of Alameda to the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 based upon diversity under the Class Action Fairness Act ("CAFA"). Defendants make the following allegations in support of its Notice of Removal:

## JURISDICTION

1. This action is one over which this court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed by Defendants pursuant to 28 U.S.C. section 1441 and 1446.

2. On or about March 1, 2019, plaintiff Chauenga M. Hakeem ("Hakeem") filed an original complaint in the Superior Court of the State of California in the County of Alameda, entitled, <u>CHAUENGA M. HAKEEM on behalf of herself, all others similarly situated, v. TRANSDEV SERVICES, INC; TRANSDEV NORTH AMERICA, INC.; TRANSDEV; TRANSDEV, INC.; and DOES 1-100</u>, as case number RG 19009094. The Complaint asserts seven causes of action for: (1) Failure to Pay Wages for All Hours of Work at the Legal Minimum Wage Rate in Violation of Labor Code Sections 1194, 1194.2, & 1197 And the Wage Orders; (2) Failure to Pay Wages for All Time Worked at Overtime Rate in Violation of Labor Code Sections 510, & 1194 and the Wage Orders; (3) Failure to Provide Rest Periods and

---

[1] Plaintiff erroneously named defendant, Transdev, and Transdev Inc. in the complaint.

1.
**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

Rest Period Premium Wages in Violation of Labor Code Section 226.7 and the Wage Orders; (4) Failure to Pay All Accrued and Vested Vacation/PTO Wages in Violation of Labor Code Section 227.3; (5) Failure to Provide Accurate Wage Statements in Violation of Labor Code Section 226 and the Wage Orders; (6) Failure to Timely Pay Final Wages in Violation of Labor Code Sections 201 & 202; and (7) Unfair Competition in Violation of Business & Professions Code Section 17200, *et. seq.* A true and correct copy of the complaint is attached to the Declaration of Torey Favarote ("Favarote Decl.") as **Exhibit A**. A true and correct copy of the summons, civil cover sheet and complaint are attached to Favarote Decl. as **Exhibit B**. A true and correct copy of the Service of Process Notices that were provided to Defendants by their agent for service of process is attached to Favarote Decl. as **Exhibit C**. On April 22, 2019, Defendants filed an answer to Plaintiff's complaint in Alameda County Superior Court. A true and copy of the answer is attached to Favarote Decl. as **Exhibit D**.

1. To Defendants' knowledge, no other papers or processes have been filed or received in this matter by Defendants.

## INTRADISTRICT ASSIGNMENT

2. Northern District of California Civil Local Rule 3-2 provides that all civil actions arising in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma Counties shall be assigned to the San Francisco or Oakland Divisions. See Northern District Local Rules 3-2(c) and (d), and 3-5(b). Plaintiff filed this case in Alameda County.

## CAFA JURISDICTION

3. <u>Basis of Original Jurisdiction</u>: This Court has original jurisdiction of this action under CAFA. Section 1332(d)(2) and (4) provides that a district court shall have original jurisdiction of a class action with 100 or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000. Section 1332(d)(2) further requires that any member of the

putative class must be a citizen of a state different from any defendant.

4. <u>Plaintiff's Citizenship</u>: As alleged in the complaint, Plaintiff is and was domiciled in California. (Favarote Decl., Ex. B, ¶3). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. <u>State Farm Mutual Auto Ins. Co. v. Dyer</u>, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

5. <u>Defendant's Citizenship</u>: Transdev Services, Inc. was, at the time of the filing of the state court action, and remains a corporation incorporated under the laws of the State of Maryland, with its principal place of business in the State of Illinois. Transdev North America, Inc. was, at the time of the filing of the state court action, and remains a corporation incorporated under the laws of the State of Maryland, with its principal place of business in the State of Illinois. (Hernandez Decl., ¶¶2-3.) Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court has established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction. <u>Hertz Corp. v. Friend</u>, 559 U.S. 777 (2010). The Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." <u>Id.</u> The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination…" <u>Id.</u> Defendants' headquarters, and their executive and senior management personnel as well as their primary management operations are both located in Illinois. (Hernandez Decl., ¶¶2-3.) Similarly, Transdev North America, Inc.'s corporate departments are also in Illinois. (Id.) Moreover, the corporate officers of Transdev Services, Inc. and Transdev North America, Inc. actually direct, control and

coordinate the corporation's activities from Transdev Services, Inc.'s and Transdev North America, Inc.'s offices in Illinois. (Hernandez Decl., ¶3.) The corporate human resources department, employee benefits department, legal department, procurement department, accounting department, and IT department utilized by Transdev Services, Inc. are located in Lombard, Illinois. (Hernandez Decl., ¶2.) Simply put, Defendants' center of "direction, control and coordination" is located in the State of Illinois; thus, for diversity purposes, Defendants must be considered citizens of Illinois and Maryland (their state of incorporation). Accordingly, none of the defendants are citizens of the State of California.

6.   The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. section 1441(a).

## AMOUNT IN CONTROVERSY UNDER CAFA

7.   Removal is appropriate when it is more likely than not that the amount is controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. See, e.g., Cohn v. PetsMart, Inc., 281 F.3d 837, 839-40 (9th Cir. 2002).

8.   This action involves Plaintiff's alleged claims against Defendants for: failure to pay wages for all hours of work at the legal minimum wage rate, failure to pay wages for all time worked at overtime rate, failure to provide rest periods and rest period premium wages, failure to pay all accrued and vested vacation/paid time off wages, failure to provide accurate wage statements and to timely pay final wages, and unfair competition. Plaintiff prays that Defendant be found to be violated the California Labor Code and Wage Order as to the various classes, declaratory judgment that the practices complained therein are unlawful, restitution, an award of damages according to proof, legally applicable penalties, liquidated damages, pre-judgment interest, attorneys' fees and costs of suit, injunction, and such and other further relief, in law and/or equity, as the Court deems just or appropriate. (See Favarote Decl., Ex. B, Prayer For Relief, pgs. 24-27.) Plaintiff seeks subclasses for

the claims, each on behalf of non-exempt bus drivers during the relevant statute of limitations on each claim.

9. <u>Amount in Controversy</u>. Without conceding that Plaintiff or the purported class members are entitled to any damages or could recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, is well in excess of $5,000,000, exclusive of interest and costs.

a. <u>Variables</u>. During the time period of March 1, 2018 to the present, applicable to Plaintiff's wage statement claim, Transdev Services, Inc. employed at least 2,126 non-exempt employees as bus drivers in California. (Hernandez Decl., ¶4; Favarote Decl., ¶6.) The average rate of pay among this group of employees is approximately $15.31 during this time period. (Id.) This time period consists of at least 28,054 total pay periods for this group of employees. (Id.) During the time period of March 1, 2016, to the present, applicable to Plaintiff's waiting time penalties claim, at least 3,006 putative class members separated from employment with Transdev Services, Inc. (Hernandez Decl., ¶5; Favarote Decl., ¶7.) The average final rate of pay among this group of former employees was approximately $13.25 during this time period. (Id.) During the time period of March 1, 2015 to the present, applicable to Plaintiff's unpaid wage claims, Transdev Services, Inc. and/or Veolia Transportation Services, Inc. employed at least 4,266 non-exempt bus drivers/operators in California. (Hernandez Decl., ¶6; Favarote Decl., ¶8.) The average rate of pay among this group of employees was approximately $13.87 during this time period. (Id.) This group of employees worked approximately 162,876 workweeks during the relevant time period. (Favarote Decl., ¶8.)

b. <u>Claim #1: Wage Statement Claim</u>. Plaintiff alleges that Defendants failed to provide the putative class members with complete and accurate wage statements under Labor Code Section 226(a). Plaintiff alleges

5.
**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

that Defendants failed to comply with their obligation to comply with California Labor Code § 226 "at all relevant times within the limitations period applicable to this cause of action, Defendants' payroll policies and procedures failed to provide the non-exempt employees with…. (Favarote Decl., Ex. B, ¶70.) Labor Code 226(a) provides a maximum aggregate penalty of $4,000 per affected employee. Where a statutory maximum is specified, "courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." <u>Korn v. Polo Ralph Lauren Corp.</u>, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Thus, based on Plaintiff's allegations, **the amount in controversy for this claim would be approximately $2,699,100** (calculated as: 28,054 total pay periods worked by the 2,126 putative class members through the relevant time period x $50.00 for the first pay period in violation (2,126 x $50 = $106,300) and $100.00 for each subsequent pay period in violation, not to exceed $4,000 per class member (25,928 x $100 = $2,592,800)). (Hernandez Decl., ¶4; Favarote Decl., ¶6.)

    c.    <u>Claim #2: Waiting Time Penalties</u>. Plaintiff alleges that Defendants willfully failed to pay the putative class members at least minimum wage for all time worked, failing to pay overtime wages of all overtime hours worked, failing to pay vacation or PTO wages, and failing to pay premium wages for all non-compliant rest periods. (Favarote Decl., Ex. B, ¶80.) California Labor Code Section 203 provides that a former employee shall receive regular daily wages for each day they were not paid, at their hourly rate, for up to thirty days. A total of 3,006 members of the proposed class separated from employment during the three-year statutory time period. (Hernandez Decl., ¶5). **The amount in controversy for this claim would be approximately $9,559,080** ($13.25 as the average hourly rate for the putative class members x 8 hours x 30 days x 3,006 putative class members).

(Hernandez Decl., ¶5; Favarote Decl., ¶7.)

10. <u>Total Amount in Controversy</u>. Based on the claims described above, the class-wide liability exposure is, conservatively estimated, at least **$12,258,180**.

11. This amount exceeds the $5,000,000 CAFA minimum before ever taking into account attorneys' fees and interest as well as Plaintiff's rest break, straight time and overtime claims, which as discussed below must also be taken into account and adds even more to the total amount in controversy.

## ATTORNEYS' FEES

12. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998). The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy. See <u>Brady v. Mercedes-Benz USA, Inc.</u>, 243 F.Supp.2d 1004, 1010-11 (N.D.Cal.2002). Plaintiff has sought attorneys' fees in the Complaint which are permitted by California Labor Code sections 226(e) and 1194 for some of the Labor Code violations alleged in the Complaint. (Favarote Decl., Ex. B.) They should therefore be included in analyzing the amount in controversy.

13. Any addition of attorneys' fees would be over and above the amount calculated for alleged damages as analyzed above and would further increase the amount in controversy far beyond the required $5,000,000 threshold for CAFA jurisdiction.

14. Accordingly, diversity, class size, and amount in controversy under CAFA are satisfied for jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446. Therefore, Defendants have properly removed the State Court Action to this Court.

/ / /

/ / /

/ / /

## THE REMOVAL IS TIMELY

15. As required by 28 U.S.C. section 1446(d), this Notice of Removal is timely in that it has been filed within thirty (30) days of Defendants' first receipt of the Summons and Complaint.

16. As required by 28 U.S.C. section 1446(d), Defendant will give notice of this removal to Plaintiff through their attorneys of record.

17. As required by 28 U.S.C. section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California in and for the County of Alameda.

WHEREFORE, having provided notice as is required by law, the above-titled action should be removed from the Superior Court for the County of Alameda to this Court.

Dated: April 22, 2019

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
TOREY JOSEPH FAVAROTE
JING TONG

By: /s/ Torey Joseph Favarote
     Torey Joseph Favarote

Attorneys for Defendants
TRANSDEV SERVICES INC.
TRANSDEV NORTH AMERICA, INC., TRANSDEV, and
TRANSDEV, INC.

# PROOF OF SERVICE

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Boulevard, Suite 300, Long Beach, CA 90807.

On April 22, 2019, I served a copy(ies) of the following document(s):

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Joseph Lavi, Esq<br>Joshua Webster, Esq.<br>LAVI & EBRAHIMIAN, LLP<br>8889 W. Olympic Blvd., Suite 200<br>Beverly Hills, California 90211<br>Tel. (310) 432-0000<br>Fax: (310) 432-0001<br>jlavi@lelawfirm.com<br>jwebster@lelawfirm.com | Attorneys for Plaintiff CHAUENGA M. HAKEEM, on behalf of herself and others similarly situated | First Class Mail |
| Sahag Majarian II, Esq<br>LAW OFFICES OF SAHAG MAJARIAN II<br>18250 Ventura Boulevard<br>Tarzana, California 91356<br>Tel. (818) 609-0807<br>Fax: (818) 609-0892<br>sahagii@aol.com | Attorneys for Plaintiff CHAUENGA M. HAKEEM, on behalf of herself and others similarly situated | First Class Mail |

| | |
|---|---|
| ☒ | [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on April 22, 2019, at Long Beach, California

_____
Thomas Steinhart