UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUENGA M HAKEEM,<br><br>        Plaintiff,<br><br>    v.<br><br>TRANSDEV SERVICES, INC., et al.,<br><br>        Defendants. | Case No. 19-cv-02161-VC<br><br>**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 25 |

      The motion for class certification is granted. The proposed class of all current and former employees who took a mandatory pre-employment drug test during the class period is certified, as is the proposed class of all current and former employees who received a "blended" paycheck during the class period. Both claims—that the defendants violated California wage and hour law by failing to compensate employees for the time spent taking the drug test, and that the defendants failed to provide an accurate itemized pay statement for periods during which employees received a raise—easily satisfy the requirements for a damages class. *See* Fed. R. Civ. P. 23(a), (b)(3). While the defendants invoke concerns about "ascertainability," this requirement does not exist in the Ninth Circuit and in any event would not be meaningfully implicated here. *See Briseno v. Conagra Foods, Inc.*, 844 F.3d 1121, 1124 nn.3–4 (9th Cir. 2017). Nor does the prospect of individualized damages for the drug-testing claim predominate over the common issues. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046 (2016).

      In their opposition brief, the defendants seem primarily to contend that neither claim has merit. The defendants appear to be right about that, at least on a first look. This might have been a good reason for the defendants to accept the Court's offer, at the initial case management

conference, to adjudicate cross-motions for summary judgment as to the named plaintiff before the parties proceeded with discovery and litigation on class certification. *See* Dkt. No. 19; Standing Order for Civil Cases Before Judge Chhabria ¶ 46. But the defendants' arguments regarding the merits are misplaced at the class certification stage. If the defendants are right (or wrong) about the compensability of pre-employment drug testing and the permissibility of blended rates as to Hakeem, they are right (or wrong) as to all members of the classes, thus resolving issues "central to the validity of each of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

A further case management conference, to take place by videoconference, is scheduled for Wednesday, July 15, 2020 at 10:00 a.m. A joint case management statement is due on July 8, 2020.

**IT IS SO ORDERED.**

Dated: June 26, 2020

_____
VINCE CHHABRIA
United States District Judge