UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUENGA M HAKEEM,<br><br>        Plaintiff,<br><br>    v.<br><br>TRANSDEV SERVICES, INC., et al.,<br><br>        Defendants. | Case No. 19-cv-02161-VC<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 97 |

It appears, at least on this record, that the plaintiff class is entitled to $592,100 in penalties under California Labor Code section 226 for wage statement violations. In the motion for preliminary approval, class counsel did not provide any reason why an award of that amount would not be automatic (or nearly automatic). Indeed, on this record, it does not appear that a trial would be necessary; summary judgment would likely be entered in favor of the class. Yet the proposed settlement agreement would provide only $280,500 to the class members—a discount of more than fifty percent of their likely recovery amount. Absent an explanation for why an award of $592,100 would not be automatic or nearly automatic, and absent the identification of any other reason for such a significant discount, the Court cannot grant the motion for preliminary approval of the settlement. *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036–37 (N.D. Cal. 2016); *see also Hunt v. VEP Healthcare, Inc.*, 2017 WL 3608297, at *1 (N.D. Cal. Aug. 22, 2017); *Eddings v. DS Services of America, Inc.*, 2016 WL 3390477, at *1 (N.D. Cal. May 20, 2016).

In the motion, class counsel presents the numbers differently. Counsel notes that the "maximum payment" under the settlement is $400,000, including anticipated costs and

attorneys' fees. Counsel compares that figure to a maximum recovery of $592,100, which makes the discount seem less significant. But if the class members obtained a judgment for $592,100 after summary judgment or trial, there would be no need to subtract attorneys' fees from that amount because class counsel would be entitled to statutory fees over and above the monetary award. In a case where class counsel would recover statutory fees following a judgment, it is misleading to describe the discount the defendant will receive in a settlement by comparing the gross settlement amount (which includes attorneys' fees) to the maximum realistic recovery amount (which does not include attorneys' fees). Certainly no class member would ever make that comparison when deciding whether the settlement is reasonable for them. And after all, the job of the Court (not to mention counsel) is to assess whether the deal is reasonable for class members.

Class counsel also notes that the conduct constituting a violation of Labor Code section 226(a) (issuing inaccurate wage statements) is not as harmful to employees as other wage-and-hour violations. That's fair—receiving an inaccurate wage statement while still receiving all the wages due is less harmful than being shortchanged. If the penalties for violating section 226(a) were discretionary, it might be appropriate for a court to take that into account when assessing whether a settlement discount is reasonable. But the penalties for violating section 226(a) are mandatory, which reflects a judgment by the California Legislature that an employee is entitled to that amount, and no less, upon proving a violation. So in a case where liability is automatic or nearly so, it is not appropriate to discount the class's recovery based on the notion that violations of section 226 are not a particularly big deal. It appears (again, at least on this record) that the law entitles the class to $592,100.

For these reasons, and for the reasons stated at the hearing, the motion for preliminary approval is denied. Denial is without prejudice to filing a renewed motion by no later than December 20, 2021. A case management conference is scheduled for January 5, 2022 at 1:00 p.m. If a renewed motion for preliminary approval has not been filed, the parties should be prepared to set a new litigation schedule. If a renewed motion has been filed, the parties may file

an administrative motion requesting that the case management conference be taken off the calendar.

**IT IS SO ORDERED.**

Dated: December 2, 2021

_____
VINCE CHHABRIA
United States District Judge