JOSEPH LAVI State Bar No.: 209776
jlavi@lelawfirm.com
VINCENT GRANBERRY State Bar No.: 276483
vgranberry@lelawfirm.com
POOJA V. PATEL State Bar No.: 317891
ppatel@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Tel: (310) 432-0000 / Fax: (310) 432-0001

SAHAG MAJARIAN II State Bar No.: 146621
sahagii@aol.com
**LAW OFFICES OF SAHAG MAJARIAN II**
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892

KARLA GILBRIDE State Bar No.: 264118
kgilbride@publicjustice.net
**PUBLIC JUSTICE**
1620 L ST. NW, Suite 630
Washington, DC 20036
Tel.: (202) 797-8600 / Fax: (202) 232-7203

Attorneys for Plaintiff CHAUENGA M. HAKEEM
on behalf of herself and others similarly situated.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHAUENGA M. HAKEEM on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSDEV SERVICES, INC.; TRANSDEV NORTH AMERICA, INC.; TRANSDEV; TRANSDEV, INC.; and DOES 1-100,<br><br>Defendants. | Case No.: 3:19-cv-02161-VC<br><br>**AMENDED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Before Hon. Vince Chhabria, United States District Judge |

This matter came on for hearing on May 12, 2022, on Plaintiff Chauenga M Hakeem's ("Plaintiff" or "Class Representative") unopposed Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Costs, and for Judgment in this action on the terms set forth in the Joint Stipulation of Class Action Settlement (the "Settlement Agreement"), attached to the Declaration of Vincent Granberry as Exhibit 1. Due and adequate Notice having been given to the members of the Class, and the Court having considered the Settlement Agreement, all papers and proceedings held herein, and all oral and written comments received regarding the proposed Class Settlement, and having reviewed the entire record in this action, *Chauenga M. Hakeem v. Transdev Services, Inc., Transdev North America, Inc., Transdev, and Transdev, Inc.*, Case No. 3:19-cv-02161-VC ("the Action"), and good cause appearing, finds that:

WHEREAS, on March 1, 2019, Plaintiff filed this class action in the Alameda County Superior Court alleging: Defendants failed to pay wages for all hours of work at the minimum wage rate, failed to properly calculate overtime paid to employees for overtime hours, failed to provide rest periods, failed to pay all vested vacation owed to employees after separation of employment, failed to provide complete and accurate wage statements in violation of Labor Code section 226, and failed to timely pay final wages to employees after separation of employment.

WHEREAS, Defendants further deny all allegations asserted in the Action and contend they have no liability for any of Plaintiff's or the Class Members' claims.  Defendants also contend that, if the Action was to be further litigated, they would have meritorious defenses thereto as to the merits, and potential damages; and

WHEREAS, without admitting any liability, claim or defense, the Parties determined that it was mutually advantageous to settle this Action and avoid the costs, delay, uncertainty and business disruption of ongoing litigation; and

WHEREAS, this Court granted preliminary approval of the parties' Settlement in this Action on February 11, 2022 ("Preliminary Approval Order"); and

WHEREAS, the Class Notice was sent to the Class Members in accordance with the Preliminary Approval Order; and

**AMENDED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1

WHEREAS, a fairness hearing on the proposed Class Settlement having been duly held and a decision reached,

NOW, therefore, the Court grants final approval of the Class Settlement, and IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of this Action, Defendants, and the Class Members.

2. The Court has determined that the Class Notice given to the Class Members fully and accurately informed all Class Members of all material elements of the proposed Class Settlement — including the plan of distribution of the Maximum Settlement Fund, the application for Class Representative Enhancement to Plaintiff, and the application for Class Counsels' Award — constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

3. The Court hereby grants final approval of the Class Settlement as fair, reasonable and adequate in all respects to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure, and orders the Parties and the Settlement Administrator to implement all remaining terms of the Settlement Agreement pertaining to the distribution of the Maximum Settlement Fund and Net Settlement Amount in accordance with the terms of the Settlement Agreement.

4. The plan of distribution as set forth in the Settlement Agreement providing for the distribution of the Net Settlement Amount to Settlement Class Members is hereby finally approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. The Class for settlement purposes is appropriate under Fed. R. Civ. P. 23 and related case law and is defined as follows:

> "All current and former individuals who worked for Defendants in a non-exempt capacity as a Bus Operator/Driver, in California at any time between March 1, 2018, and June 26, 2020, who received wage statements with a blended overtime rate of pay; or wage statements that did not list all applicable hourly rates in effect during the pay period and the corresponding

number of hours worked at each hourly rate when they worked at multiple rates of pay."

6. As previously held in the Court's Preliminary Approval Order, the Court appoints Lavi & Ebrahimian, LLP, the Law Offices of Sahag Majarian II, and Public Justice as Class Counsel for settlement purposes only.

7. The Court approves payment of a Class Representative Enhancement of $2,500 to Plaintiff for her service to the Class, which shall be paid from, and not in addition to, the Maximum Settlement Fund.

8. The Court approves the payment of attorneys' fees in the amount of $16,000 to Class Counsel, which shall be paid from, and not in addition to, the Maximum Settlement Fund.

9. The Court shall withhold 10% of the attorneys' fees granted, or $1,600, until after the Post-Distribution Accounting has been filed as indicated below. The Post-Distribution Accounting shall be filed within twenty-one (21) days after the distribution of the settlement funds (but before distribution to the California Unclaimed Property Fund) and should explain in detail when cash payments were sent to Class Members, the number of members who were sent payments, the total amount of payments paid out to Class Members, the average and median recovery per Class Member, the largest and smallest amounts of cash payments paid to Class Members, the number and value of cashed and uncashed checks, the amount deposited with the California State Controller's Office's Unclaimed Property Division, any significant or recurring concerns communicated by Class Members to the Settlement Administrator and counsel since final approval, and any other issues in settlement administration since final approval, and how any concerns or issues were resolved. Class Counsel are expected to diligently supervise the administration of the Settlement and remain in close contact with the Settlement Administrator. With the Post-Distribution Accounting, Class Counsel should submit a proposed order releasing the remainder of the fees.

10. The Court also approves the additional payment of attorneys' costs in the amount of $15,000.00 to Class Counsel to reimburse them for their expenses, which shall be paid from, and not in addition to, the Maximum Settlement Fund.

**AMENDED [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

3

11.     The Court approves a payment of up to $21,500 to the Settlement Administrator out of the Maximum Settlement Fund.  Any portion of the payment to the Settlement Administrator that is unused will go to the Net Settlement Amount.

12.     Any checks for Individual Settlement Payments that are not cashed within 180 days shall be transmitted to the California State Controller's Office's Unclaimed Property Division in the name of the Settlement Class Member.

13.     All claims asserted in this Action are DISMISSED WITH PREJUDICE as to Plaintiff and the Settlement Class Members pursuant to the terms of the Settlement Agreement.  Each party shall bear his, her or its own costs and attorneys' fees, except as provided in the Settlement Agreement and as set forth above in this Order and as set forth in any other Order issued in response to the application by Class Counsel for an award of attorneys' fees, costs, and expenses, which hearings took place concurrently with the hearing for this Order.

14.     Upon entry of this Order and the accompanying Judgment, the claims in this Action and the Released Claims of each Settlement Class Member against Defendants, and against any and all of the Released Parties as defined in the Settlement Agreement, are fully, finally, and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement to the maximum extent permitted by law.

15.     Upon entry of this Order and the accompanying Judgment, all Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against any of the Released Parties as defined in the Settlement Agreement and as set forth in the Preliminary Approval Order.

16.     Each Settlement Class Member is bound by this Order and the Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreement.

17.     This Order, the Judgment, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendants of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this Action or in any other proceeding.

18. Without affecting the finality of this Order and the accompanying Judgment filed herewith, the Court reserves exclusive and continuing jurisdiction over the Action, the Plaintiff, the Settlement Class Members, and Defendants for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, Preliminary Approval Order, distribution of the Maximum Settlement Fund, the Final Judgment, and this Order.

19. The Court orders the following schedule for further proceedings:

| Event | Timing |
|---|---|
| Effective Date of Settlement | 65 days after Entry of Judgment |
| Distribution of Settlement Fund Payments | 45 days after Settlement Effective Date |
| Post-Distribution Accounting filed by Class Counsel | 21 days after Distribution of Settlement Funds |

IT IS SO ORDERED.

Dated: _May 17_____, 2022

THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT COURT JUDGE